UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  21mj02075 O'Sullivan

UNITED STATES OF AMERICA

vs.

LUIS TEJEDA and
DARLYN SANTANA,
      Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   __ Yes  X  No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   __ Yes  X  No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   __ Yes  X  No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: *Richard C. Getchell*
RICHARD E. GETCHELL
ASSISTANT UNITED STATES ATTORNEY
FL. BAR 0817643
99 N.E. 4th Street
Miami, Florida 33132
(305) 961-9281 (office)
(786) 564-9126 (cell)
(305) 536-7213 (fax)
Email: Richard.getchell@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>LUIS TEJEDA and<br>DARLYN SANTANA,<br>*Defendant(s)* | Case No. 21mj02075 O'Sullivan |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about ___January 6, 2021___, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b). |
| | Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☒ Continued on the attached sheet.

*Complainant's signature*

DEA S/A Charles H. Noonan
*Printed name and title*

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime this ___th day of January, 2021.

Date: 1/15/2021

*Judge's signature*

City and state: Miami, Florida

John J. O'Sullivan, Chief United States Magistrate Judge
*Printed name and title*

21mj02075 O'Sullivan

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Charles H. Noonan, being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a Special Agent with the Drug Enforcement Administration (DEA), Miami Field Division. I have been a DEA Special agent since 1996. Presently I am assigned to the High Intensity Drug Trafficking Area task force, Enforcement Group 43, in Miami, Florida. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21, and 46 of the United States Code. I have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics-trafficking organizations operate. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2. This Affidavit is submitted in support of a criminal complaint which charges that **LUIS TEJEDA ("TEJEDA") and DARLYN SANTANA ("SANTANA")** (collectively "the Defendants") did knowingly and intentionally conspire to possess with intent to distribute a controlled substance, that is, five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

3. The facts set forth in this Affidavit are based on my personal knowledge as well as documents provided to me in my official capacity, information obtained from other individuals, including officers and witnesses, my review of documents and records related to this investigation,

communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information contained in this Affidavit is true and correct to the best of my knowledge and belief. Because this Affidavit is solely for the purpose of establishing probable cause, it does not contain all of the information known about this investigation.

## PROBABLE CAUSE

4. On or about January 6, 2021, while on patrol in the Caribbean Sea, a United States Maritime Patrol Aircraft detected a go-fast vessel (GFV) approximately 85 nautical miles north of La Guajira, Colombia, a known drug trafficking area, with fuel barrels and packages visible on deck. The USS COMSTOCK, with embarked Law Enforcement Detached Team (LEDET) on board, was tasked with law enforcement action which was approved pursuant to international law based on the aforementioned probable suspicion. COMSTOCK launched their small boat which intercepted the GFV which went dead in the water and the LEDET established positive control of the vessel without any use of force. The LEDET observed the reported fuel barrels and packages on board consistent with maritime cocaine trafficking operations. After coming alongside the GFV, the boarding team conducted routine right of approach questioning. The vessel's master, identified as **TEJEDA**, made a verbal claim of Dominican nationality for the GFV, which had no visible indicia of nationality. Upon inquiry pursuant to the bilateral agreement between the United States and the Dominican Republic, the Dominican Government could neither confirm nor deny registry of the vessel. Accordingly, the GFV was treated as a vessel without nationality and the boarding team was authorized to enforce U.S law.

5. The LEDET boarding team commenced boarding procedures locating 13 bales of

2

suspected contraband on the deck of the GFV. Two NIK tests performed on one of the bales were positive for the presence of cocaine. No additional contraband was located on the GFV, which ultimately was sunk as a hazard to navigation. The at-sea weight of the contraband recovered from the GFV was 325 kilograms of cocaine.

6. The two crew members of the GFV were removed and embarked upon COMSTOCK. The two crew members removed from the GFV were identified as **LUIS TEJEDA and DARLYN SANTANA**, both nationals of the Dominican Republic.

## CONCLUSION

7. Based on the information provided above, I respectfully submit that probable cause exists to believe that **LUIS TEJEDA and DARLYN SANTANA**, did knowingly and intentionally conspire to possess with intent to distribute a controlled substance, that is, five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

**FURTHER AFFIANT SAYETH NAUGHT.**

CHARLES H. NOONAN
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime this 15th th day of January 2021.

HONORABLE JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

3